IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JARED SNIDER § | | |
| Travis County No. 1906387 § | | |
| § | | |
| V. § | A-19-CA-425-LY | |
| § | | |
| AUSTIN POLICE DEPARTMENT, § | | |
| et al. § | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court. Before the Court are Plaintiff's complaint, more definite statement, and supplements. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Jail. Plaintiff alleges Austin Police Officers Gallenkamp and Hanson arrested him for something he did not do. Plaintiff sues the Austin Police Department, Officer Gallenkamp, and Officer Hanson. Plaintiff requests the Court to dismiss the pending criminal charges against him and to award him an unspecified amount of monetary damages.

After review of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement. Plaintiff clarifies he is currently incarcerated on a pending criminal charge of aggravated assault with a deadly weapon. Plaintiff asserts Officer Gallenkamp and Hanson questioned and searched him at the scene of the crime. Plaintiff maintains he was not found to be in possession of

a knife. Plaintiff states he was the person who called 911, and had the officers reviewed the video footage from the Halo cameras, they would have discovered the alleged victim was the perpetrator of the crime.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Austin Police Department

The Austin Police Department is not a legal entity capable of being sued. See Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Plaintiff's claims against the Austin Police Department should be dismissed.

C.  Police Officers

Construing Plaintiff's complaint liberally, Plaintiff may be asserting a Fourth Amendment claim against Officers Gallenkamp and Hanson.  Plaintiff's claims fail.

"It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994), overruled on other grounds by Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (en banc). This rule applies "even if the independent intermediary's action occurred after the arrest, and even if the arrestee was never convicted of any crime." Buehler v. City of Austin/Austin Police Dep't, 824 F.3d 548, 554 (5th Cir. 2016).

There is an exception to the independent intermediary rule "if the plaintiff shows that 'the deliberations of that intermediary were in some way tainted by the actions of the defendant.'" Deville v. Marcantel, 567 F.3d 156, 170 (5th Cir. 2009) (quoting Hand v. Gary, 838 F.2d 1420, 1428 (5th Cir. 1998)). "[B]ecause the intermediary's deliberations protect even officers with malicious intent," Buehler, 824 F.3d at 555, "a plaintiff must show that the [officer's] malicious motive led the [officer] to withhold relevant information or otherwise misdirect the independent intermediary by omission or commission." McLin v. Ard, 866 F.3d 682, 689 (5th Cir. 2017).  When analyzing allegations of taint at the motion to dismiss stage, "'mere allegations of 'taint,'" Cuadra v. Hous. Indep. Sch. Dist., 626 F.3d 808, 813 (5th Cir. 2010) (quotation omitted), "may be adequate to survive a motion to dismiss where the complaint alleges other facts supporting the inference." McLin, 866 F.3d at 690.

Court records for the 427th Judicial District Court of Travis County, Texas reflects Plaintiff was indicted by a grand jury for aggravated assault with a deadly weapon, a knife. The grand jury's indictment broke the chain of causation for false arrest, as Plaintiff does not allege the grand jury's deliberations were in some way tainted by the actions of the defendants. Rather, Plaintiff merely denies he was the perpetrator of the crime and believes video footage will prove this. As such, Plaintiff fails to allege a valid constitutional violation against the officers.

Alternatively, Plaintiff's claims against the officers are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

If Plaintiff is convicted, a favorable ruling in this case would call into question the validity of his conviction. But he cannot do this until his conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

D.   Habeas Claims

To the extent Plaintiff seeks his immediate release, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner challenging the fact or duration of his confinement, seeking immediate or speedier release is habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). Because Plaintiff has

4

not exhausted this claim, the Court should not construe this action as a request for habeas corpus relief.

In short, Plaintiff's claim of innocence needs to be presented to a jury at trial in the court where he is charged before any action in this Court could be appropriate.

## RECOMMENDATION

It is therefore recommended that Plaintiff's request for habeas corpus relief be dismissed without prejudice to refiling an application for habeas corpus relief after Plaintiff has exhausted his state court remedies. It is further recommended that Plaintiff's remaining claims be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained

within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 4th day of June, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE